# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | CASE NO. 3:23 MJ 8002 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **TAYLOR SELLERS,** | |
| | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | |

## INTRODUCTION

Currently pending is the Government's appeal of the sentence issued by Magistrate Judge Darrell A. Clay in the above-captioned case. (Doc. 28). The Court has reviewed the parties' filings and finds the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument. Fed. R. App. P. 34(a)(2)(C). For the reasons discussed below, Judge Clay's sentence is AFFIRMED.

## BACKGROUND

Defendant Taylor Sellers was charged by way of information on May 3, 2023, with one count of delaying or destroying mail in violation of 18 U.S.C. § 1703(b). (Doc. 1). The offense was alleged to have occurred "[f]rom in or around June 2022 to on or about October 31, 2022". *Id.* Sellers waived indictment (Doc. 3) and consented to proceed before a Magistrate Judge in this misdemeanor case (Doc. 4).

On August 15, 2023, the Court held a change of plea hearing. (Doc. 21). The Government summarized the factual basis for the charge. *Id.* at 23-24. It stated that on June 30, 2022, United States Postal Service inspectors received information from an individual stating that $250 in cash

was stolen from a first class envelope she mailed to her niece. *Id.* at 11, 23. A postal service inspector Special Agent then mailed a greeting card with a $10.00 Target gift card using the same recipient address and return address used on the envelope containing the cash. *Id.* at 23. Approximately ten days later, the Special Agent determined that the gift card had been redeemed on July 29, 2022, and now had a zero balance. *Id.* Information obtained by a subpoena sent to the retailer linked Defendant, who was a postal employee, to the usage of the gift card. *Id.* at 23-25.

In a subsequent interview, Defendant admitted to stealing several gift cards (two from Amazon, and one each from Target, Chick-fil-A, and Lowe's). *Id.* at 24. The Government could not determine the denomination of the other gift cards. *Id.* at 11-12, 24. During the same interview, Defendant denied stealing cash from the envelope that initiated the investigation. *Id.* at 24. At the change of plea hearing, the Government represented it would be seeking restitution to the victim of the $250.00 in cash. *Id.* at 11-12. Defendant reserved a position on the amount of restitution until sentencing. *Id.* at 12. Defendant entered a guilty plea to Count One of the Information. (Doc. 21, at 26).

On November 6, 2023, the first presentence investigation report ("PSR") was submitted to the parties. (Doc. 12). It included a request for $250.00 in restitution. *Id.* at 11. Defendant's counsel submitted written objections to the first PSR, and the final PSR, filed on November 27, 2023, confirmed that the requested changes had been made. (Doc. 13). Defendant, in her acceptance statement, admitted to stealing five gift cards. *Id.* at 4. A victim impact statement from the individual who mailed the $250.00 was attached to the final PSR. (Doc. 13-1). It was dated August 19, 2023, and stamped received by the Government on August 28, 2023. *See id.* As to damages, it stated: "$250 was stolen out of the mail." *Id.* at 3.

The Magistrate Judge conducted a sentencing hearing on December 11, 2023. (Doc. 22). At that hearing, the Judge indicated that he had, in an off-the-record discussion prior to the hearing, raised concerns regarding the Government's request for restitution. *Id.* at 12. He stated he was "struggling with the link between the offense conduct charged in the indictment" and whether there was a sufficient factual basis to order the $250 in restitution. *Id.* at 13. He stated he questioned whether the victim's statement was sufficiently reliable regarding the loss amount and its connection to the time period as alleged in the indictment. *Id.* at 16-17.[1]

The Court ultimately denied the Government's request for a continuance, sentenced Defendant to one year of probation, and waived an order of restitution. *Id.* at 23.

## STANDARD OF REVIEW

"An appeal of an otherwise final sentence imposed by a United States magistrate judge may be taken to a judge of the district court" and the provisions of Section 3742 apply "as though the appeal were to a court of appeals from a sentence imposed by a district court." 18 U.S.C. § 3742(h); *see also* Fed. R. Crim. P. 59(g)(2)(D) ("The scope of the appeal [from a magistrate judge's order] is the same as in an appeal to the court of appeals from a judgment entered by a district judge.").

"Restitution orders are subject to a bifurcated standard of review." *United States v. Sawyer*, 825 F.3d 287, 291-92 (6th Cir. 2016). "Whether a restitution order is permitted under the law is subject to de novo review," *United States v. Elson*, 577 F.3d 713, 720 (6th Cir. 2009) (citing *United States v. Johnson*, 440 F.3d 832, 849 (6th Cir. 2006)), whereas "the amount of restitution ordered is reviewed under the abuse of discretion standard," *Johnson*, 440 F.3d at

---

1. Although the Magistrate Judge originally stated that the victim impact statement did not indicate the amount of money mailed (Doc. 22, at 16, 21), he later corrected that statement (Doc. 22, at 22).

3

849 (quoting *United States v. Wood*, 364 F.3d 704, 714 (6th Cir. 2004)); *see also United States v. Sizemore*, 850 F.3d 821, 824 (6th Cir. 2017) ("We review the propriety of ordering restitution de novo and the amount of restitution ordered for abuse of discretion.") (quoting *United States v. Bearden*, 274 F.3d 1031, 1040 (6th Cir. 2001)).[2]

## Discussion

The Government contends the Magistrate Judge erred in denying its restitution request, and alternatively, erred in denying its request for a continuance to gather additional information regarding restitution. For the reasons discussed below, the Court finds no abuse of discretion and therefore affirms the Magistrate Judge's determination.

Denial of Restitution

The Government first appeals the Magistrate Judge's denial of its request for $250 in restitution.

By statute, "[a]ny dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence" and "[t]he burden of demonstrating the amount of the loss sustained by a victim as a result of the offense shall be on the attorney for the Government." 18 U.S.C. § 3664(e). A preponderance of the evidence is "such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds belief that what is sought to be proved is more likely true than not true." *Williams v. Eau Claire Pub. Sch.*, 397 F.3d 441, 446 (6th Cir. 2005). Restitution "is intended to compensate

---

2. The Government contends Judge Clay's "findings of fact and disposition are subject to a de novo determination by this Court" citing 18 U.S.C. § 3664(d)(6). (Doc. 24, at 15). However, the Court agrees with Defendant that § 3664(d)(6) applies only to *referrals* to a Magistrate Judge and is not applicable here where Defendant *consented* to proceed before the Magistrate Judge. *See* 18 U.S.C. § 3664(d)(6) ("The court may refer any issue arising in connection with a proposed order of restitution to a magistrate judge or special master for proposed findings of fact and recommendations as to disposition, subject to a de novo determination of the issue by the court."). Instead, the bifurcated standard of review set forth above applies.

victims only for losses caused by the conduct underlying the offense of conviction." *Hughey v. United States,* 495 U.S. 411, 416 (1990). When a Defendant is convicted by guilty plea, "the court should look to the plea agreement, the plea colloquy, and other statements made by the parties to determine the scope of the 'offense of conviction' for purposes of restitution." *United States v. Elson*, 577 F.3d 713, 723 (6th Cir. 2009), *abrogated on other grounds by Lagos v. United States*, 584 U.S. 577 (2018).

Here, the Magistrate Judge noted that the victim impact statement was sworn under penalty of perjury and so he did "accept the representations in there at face value". (Doc. 22, at 16). But, he noted, that the victim impact statement did not state when the money was mailed (and thus whether it was within the date range of the Information), nor was there any other corroborating evidence presented. *Id.* at 16-17. The other evidence before the Court included Defendant's admission that she stole the gift cards, but denial that she stole the cash, and the Government's representations that the missing cash was what prompted the original investigation. Even if this Court would have reached a different conclusion if presented with the question in the first instance, the Court concludes the Magistrate Judge did not abuse his discretion in finding that the Government did not prove, by a preponderance of the evidence, that the $250 loss was attributable to Defendant's offense conduct and therefore declining to order restitution.

<u>Denial of Continuance</u>

In the alternative, the Government argues Judge Clay erred in denying its request for a continuance and requests the Court grant it up to 90 days, pursuant to 18 U.S.C. § 3664(d)(5), to provide further information. Defendant responds that § 3664(d)(5) is not applicable here and that the Magistrate Judge did not abuse his discretion in denying a continuance.

A trial court's decision to deny a continuance is reviewed for an abuse of discretion. *United States v. Cohen*, 515 F. App'x 405, 411 (6th Cir. 2013). The Court will find an abuse of discretion only when it has "a definite and firm conviction that the district court committed a clear error of judgment." *United States v. Ramirez-Figueredo*, 33 F.4th 312, 318 (6th Cir. 2022) (citation omitted). An abuse of discretion regarding denial of a continuance will be found when the trial court "engages in an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay." *United States v. Sharrack*, 527 F. App'x 383, 387 (6th Cir. 2013) (internal quotations and citations omitted).

The Government relies in part on the below statutory provision to argue the Magistrate Judge erred in denying its request for a continuance:

> **(5)** If the victim's losses are not ascertainable by the date that is 10 days prior to sentencing, the attorney for the Government or the probation officer shall so inform the court, and the court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing. If the victim subsequently discovers further losses, the victim shall have 60 days after discovery of those losses in which to petition the court for an amended restitution order. Such order may be granted only upon a showing of good cause for the failure to include such losses in the initial claim for restitutionary relief.

18 U.S.C. § 3664(d)(5). But as Defendant points out, there is no evidence or allegation here that the loss was "not ascertainable". Rather, the loss amount was established or ascertainable, but the court found there was not sufficient evidence to establish a connection between the loss and the Defendant's offense conduct. Thus, the Court finds the Government's reliance on § 3664(d)(5) unavailing.

Here, the Magistrate Judge denied the Government's request for a continuance, highlighting that the victim impact statement was submitted nearly four months prior to the sentencing hearing and did not indicate the date on which she mailed the money. (Doc. 22, at 21). Even if this Court were to have arrived at a different determination if faced with the same

6

circumstances, it cannot conclude that the Magistrate Judge abused his discretion in denying the Government's request for a continuance.

## CONCLUSION

For the foregoing reasons, good cause appearing, the Court AFFIRMS Judge Clay's sentence, including the denial of restitution, in the above-captioned case.

     s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: August 13, 2024